UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YASHPAL JASWAL and SUKDEV JASWAL, wife and husband,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES of AMERICA,<br><br>Defendant. | NO. C11-01888 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF SUKDEV JASWAL |

The Court has considered Defendant's Motion to Dismiss Party (Dkt. #9), Plaintiff's Response thereto, the Reply, and the remainder of the record. The Court finds as follows:

Yashpal and Sukdev Jaswal originally filed a medical malpractice action on July 29, 2010 in King County Superior Court. Defendants removed the case to federal court because one of the defendants, Ruth J. Michaelis, M.D., was an employee of the Community Health Center of King County d/b/a Healthpoint, a deemed federal health care facility pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)-(n). The

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS PLAINTIFF – 1 of 4
(C11-01888 RSM)

United States was substituted as the defendant and, on November 9, 2010, the parties entered into a court-approved stipulation dismissing the case without prejudice for failure to file an administrative tort claim.

On January 10, 2011, Yashpal Jaswal filed an administrative tort claim with the United States Department of Health and Human Servies ("HHS") for personal injuries resulting from the alleged failure to timely diagnose her with ovarian cancer. On that form, Ms. Jaswal identified "Sukdev Jaswal, Husband of Claimant" as a person involved in or witness to the incident. Sukdev Jaswal did not file an administrative tort claim with HHS.

On May 19, 2011, the Department of Health and Human Services made a final determination on the tort claim. On November 9, 2011, both Yashpal and Sukdev Jaswal filed their complaint in this case stating causes of action for medical negligence and loss of a chance for a better outcome. The Jaswals also asked for relief for loss of consortium. Mrs. Jaswal has since passed away.

The Defendant moves to dismiss Sukdev Jaswal for failing to comply with the administrative exhaustion requirements of the Federal Tort Claims Act ("FTCA"), as set forth at 28 U.S.C. § 2675(a). The FTCA provides, "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS PLAINTIFF – 2 of 4
(C11-01888 RSM)

been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C.A. § 2675(a). When no administrative claim has been filed with the appropriate administrative agency, a district court is without jurisdiction to hear the case and dismissal for lack of subject matter jurisdiction is mandated. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). The presentation of an administrative claim by a claimant does not relieve the spouse of his or her obligation also to exhaust administrative remedies. *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983); *see also Dugan v. United States*, 2008 SL 65504 at *1-2 (W.D. Wash. Jan. 4, 2008).

Here, Mr. Jaswal did not file an administrative tort claim against the United States. He cannot pursue a tort claim in federal district court against the United States without first presenting an administrative claim to the appropriate federal agency and exhausting his administrative remedies. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative claim is jurisdictional."); *Johnson*, 704 F.3d at 1442 (upholding dismissal of spouse's loss of consortium claim because spouse did not file administrative claim and claimant's form did not identify the spouse as claimant or contain spouse's signature) .

THEREFORE IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED. Mr. Jaswal's claims are hereby dismissed without prejudice to bringing a timely and proper administrative claim for wrongful death. *See* 28 U.S.C. § 2401(b) (providing that a tort claim against the United States must be presented to the appropriate federal agency within two years after such claim accrues); *Grant v. Fisher*

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS PLAINTIFF – 3 of 4
(C11-01888 RSM)

*Flouring Mills Co.*, 181 Wash. 576, 44 P.2d 193 (1935) (wrongful death actions accrue "at the time of death").

Dated this 9th day of August 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS PLAINTIFF – 4 of 4
(C11-01888 RSM)